**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000447
26-JAN-2024
08:33 AM
Dkt. 225 SO**

NO. CAAP-22-0000447

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

T.H., Plaintiff-Appellant/Cross-Appellee, v.
N.H., Defendant-Appellee/Cross-Appellant.

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(CASE NO. 3DV17100165K)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Nakasone and McCullen, JJ.)

Plaintiff-Appellant/Cross-Appellee T.H. (**Mother**) appeals from the Family Court of the Third Circuit's[1] July 14, 2022 Findings of Fact and Conclusions of Law (**FOF and COL**). Defendant-Appellee/Cross-Appellant N.H. (**Father**) cross-appeals from the family court's August 22, 2022 Amended Findings of Fact and Conclusions of Law (**Amended FOF and COL**) and September 13, 2022 Divorce Decree (**Divorce Decree**).

---

[1] The Honorable Wendy M. DeWeese presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve the parties' points of error as discussed below.

**(1) Mother raises three points of error on appeal.**

First, Mother argues that the family court failed to comply with the statutory requirements under Hawaiʻi Revised Statutes (**HRS**) § 571-46(a)(9) (2018) "when the issue of domestic abuse became an aggravating factor" in the case.

Under HRS § 571-46(a)(9),

> a determination by the court that family violence has been committed by a parent raises a rebuttable presumption that it is detrimental to the child and not in the best interest of the child to be placed in sole custody, joint legal custody, or joint physical custody with the perpetrator of family violence.

The family court, however, did not determine either parent was a perpetrator of family violence. Instead, in unchallenged Amended FOF 31, the family court found "both parties have accused the other of domestic violence[,]" "the evidence on this issue is unclear to the Court especially in light of the parties' questionable credibility[,]" and there appear to have been physical altercations, but "it [was] impossible to determine with any sense of certainty whether one parent [was] the primary aggressor . . . ." See In re Doe, 99 Hawaiʻi 522, 538, 57 P.3d 447, 463 (2002) ("Unchallenged findings are binding

on appeal."). With no determination of domestic violence, HRS § 571-46(a)(9) was not applicable.

Next, Mother contends the presumptions of joint custody under HRS §§ 571-46(a)(1) and 571-46.1 (2018) unduly prejudice and discriminate against mothers who report domestic abuse or family violence on the basis of sex and marital status, violating due process and equal protection.

Contrary to Mother's contention, there was no equal protection violation. See Palmore v. Sidoti, 466 U.S. 429, 433 (1984) ("The goal of granting custody based on the best interests of the child is . . . a substantial governmental interest for" equal protection purposes); Williamson v. Basco, Civil No. 06-00012 JMS/LEK, 2007 WL 4570496 at *6 (D. Haw. Dec. 31, 2007) (Order) ("HRS § 571-46, containing the 'best interests of the child' standard, constitutes a reasonable regulation of parental rights upon the dissolution of marriage"). Further, Mother received due process as she participated in the trial, was represented by counsel, testified, and had the opportunity to cross-examine Father's witnesses. See DJ v. CJ, 147 Hawaiʻi 2, 17, 464 P.3d 790, 805 (2020) (explaining that "parental rights cannot be denied without an opportunity for them to be heard at a meaningful time and in a meaningful manner") (cleaned up)).

Finally, Mother contends the family court abused its discretion by "allowing [Father] to remove 100% of her income[,]" pay her equalization, and then "retain the business," while she would be forced to start over.[2]

The family court considered the circumstances of the case as HRS § 580-47 (2018) requires. Moreover, the family court found that

> in view of Wife's continued inability and unwillingness to pay (Wife has spent money on other things from her business income in lieu of paying Husband what he is owed), the Court sees no realistic way to ensure Husband receives what is owed to him as long as Wife remains in control and possession of the business.

Mother does not challenge this finding in her points of error. Because the family court considered the factors required under the statute and unchallenged findings support its decision, the family court did not abuse its discretion in dividing the business. See Gordon v. Gordon, 135 Hawai'i 340, 348-49, 350 P.3d 1008, 1016-17 (2015) (vesting the family court with "wide discretion to divide marital partnership property according to what is 'just and equitable' based on the facts and circumstances of each case") (citation omitted); Baker v. Bielski, 124 Hawai'i 455, 464, 248 P.3d 221, 230 (App. 2011)

---

[2] Mother also maintains her rights under article 1, sections 2, 4-7, 10, and 12 of the Hawai'i Constitution and the first, fourth, fifth, eighth, ninth, and fourteenth amendments of the U.S. Constitution were denied. Mother, however, does not explain how the family court's division of assets violated her constitutional rights. See Hawai'i Rules of Appellate Procedure Rule 28(b)(7) (providing "[p]oints not argued may be deemed waived").

(determining "family court was not required to divide each asset and debt equally, and the court properly equalized the property based on numerous, undisputed FOFs regarding the circumstances of the marriage pursuant to HRS § 580-47").

> **(2)  Father raises three points of error on cross-appeal.**

First, Father challenges "awarding physical custody of the parties' children to Mother with visitation to Father only in the form of dinner and therapeutic visits[.]"  Father also challenges Amended FOF 1, contending "the family court's finding that 'neither party is particularly credible' and that 'neither parent has demonstrated the ability to place the best interest of their children above their own battle with the other parent' . . . is in error, and not supported by the evidence at trial."

We will not disturb credibility determinations, and the remainder of Amended FOF 1 was supported by substantial evidence in the record.  LC v. MG & Child Support Enf't Agency, 143 Hawaiʻi 302, 310-11, 430 P.3d 400, 408-09 (2018) (regarding credibility); In re Doe, 95 Hawaiʻi 183, 190, 20 P.3d 616, 623 (2001) (providing clearly erroneous standard of review for FOF). However, the family court abused its discretion when it a restricted Father's visitation to one therapy session per week or a dinner visit from 5:00 p.m. to 7:00 p.m. on Wednesday if Father did not see the children during therapy.

"Reasonable visitation rights shall be awarded to parents . . . in the discretion of the court, unless it is shown that rights of visitation are detrimental to the best interests of the child[.]"[3]  HRS § 571-46(a)(7).  Although the family court made many findings regarding *custody*, in restricting Father's *visitation* to one therapy session or a two-hour dinner once a week, the family court found that "[t]he need to eliminate conflict for the children outweighs the need to craft a visitation plan that includes substantial time for the other parent."  This finding, however, does not explain how one therapy session or a two-hour dinner per week with Father for the rest of children's childhood (absent a court-ordered modification) is reasonable.  This finding also does not show how the "rights of visitation"[4] (as opposed to conflict between Mother and Father) was detrimental to the children's best interests.  Thus, the family court disregarded HRS § 571-46(a)(7) to Father's substantial detriment.

Next, Father contends "the Family Court err[ed] and abuse[d] its discretion in awarding joint legal custody to the

---

[3]  Many consider the term "visitation" outmoded, preferring "'Parenting Time' because it speaks to what actually takes place:  parenting.  Some also view it as a more respectful term (parents do not 'visit' children, they 'parent' children)."  2015 Hawai'i Divorce Manual, § 3 (9th ed. 2015).

[4]  "Visitation is not only a right and responsibility of a parent but children have a right to have parenting time with each of their parents, unless there are tangible risks to the child's well-being in the parent-child relationship."  2015 Hawai'i Divorce Manual, § 3 (9th ed. 2015).

parties but then ordering 'tie breaking' authority to Father as to medical decisions and to Mother as to all other decisions, while limiting Father's ability to make those decisions[.]" Father claims "[t]his is clearly unworkable."

As discussed above, unchallenged findings support the family court's award of physical custody to Mother. Moreover, the family court found Mother testified essential oils were "a better alternative treatment to vaccines and antibiotics," and determined "with [Father's] medical background and his desire to rely on scientific evidence rather than religion or leaving medical decisions to the children (who are too young to competently do so), the children's best interests will be better served by Father making the final decisions regarding their medical care[.]" Amended FOF 34 and 39. The family court further found "both parents should be listed on all of the children's records, including but not limited to school, mental health, and medical" and "[b]oth parents should have access to information concerning the children." Amended FOF 38. These findings support the family court's decision to award joint legal custody with Father having tie breaking authority regarding medical care. See also KS v. RS, 151 Hawaiʻi 336, 345, 512 P.3d 702, 714 (App. 2022) (concluding "the Family Court was not precluded from ordering joint legal custody with tie-breaking authority to one parent, based on its broad discretion,

7

if the Court determined that this was in the Child's best interests").

Finally, Father contends "the Family Court [abused its discretion] in failing to award" him attorney's fees and costs. Father challenges Amended FOF 77, which states in part that "[Wife] has advanced sums to the Discovery Master and the [custody evaluator] on Husband's behalf."

The family court, determining it was fair and reasonable, ordered "[e]ach party shall pay his/her own attorney fees and costs, except as previously otherwise ordered." HRS §§ 580-9 and -47(f) (2018). The family court noted the earning capacity of each party. In unchallenged Amended FOF 76, the family court determined "[b]oth parties have spent, what the Court would characterize as excessive amounts on attorneys and other costs" and both sides drove "litigation in this case, whether about custody, visitation, or financial matters." Based on these findings, we cannot say ordering each party to pay his or her own attorney's fees and costs was an abuse of discretion. See Hamilton v. Hamilton, 138 Hawaiʻi 185, 209-10, 378 P.3d 901, 925-26 (2016) ("[A]n award of attorney's fees is in the sound discretion of the trial court, limited only by the standard that it be fair and reasonable.") (citations omitted).

Regarding the fees for the custody evaluator, the record shows the family court previously ruled the parties were

to split the cost of the custody evaluator's preparation time, and Mother was to pay for cross-examination time. Thus, the record does not support the portion of Amended FOF 77 stating Mother advanced the fees for the custody evaluator. This error, however, does not require vacating the family court's decision as to attorney's fees and costs.

For the above reasons, we vacate in part the family court's August 22, 2022 Amended Findings of Fact and Conclusions of Law, and September 13, 2022 Divorce Decree, and remand for further proceedings consistent with this summary disposition order, as to Father's visitation. We affirm the family court's August 22, 2022 Amended Findings of Fact and Conclusions of Law, and September 13, 2022 Divorce Decree in all other respects.

DATED: Honolulu, Hawaiʻi, January 26, 2024.

On the briefs:

Susan Lim Liang,
for Plaintiff-Appellant/
Cross-Appellee.

Michael S. Zola,
Defendant-Appellee/
Cross-Appellant.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge